IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE JOHN RICHARD EVERS,

    Petitioner,

v.

JANET NAPOLITANO, et al.,

    Respondents.

No. C 09-03464 JSW

**ORDER DENYING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Now before the Court is the application for a temporary restraining order ("TRO") filed by Petitioner George John Richard Evers ("Petitioner"). By his application, Petitioner seeks to stay the order of removal issued by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE").

"The REAL ID Act ... eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006). Courts have found that the REAL ID Act also divests district court's jurisdiction to stay the execution of a removal order because such claims would necessarily entail a review of the final removal order. *See*, *e.g.*, *Mejia-Espinoza v. Mukasey*, 2009 WL 235625, *1 (C.D. Cal. Jan. 27, 2009) (adopting report and recommendation finding that court lacked jurisdiction over request to stay order of removal because the request to stay arose from an action or proceeding brought in connection with petitioner's removal); *Ghotra v. Chertoff*, 2007 WL 3232240, *1 (N.D. Cal. Oct. 31, 2007) (finding court lacked jurisdiction to stay the order of removal); *Ernawati v. Gonzales*, 2007 WL 2156603, *2 (W.D. Wash. July 25, 2007) (finding the court lacked jurisdiction over the request

for stay of removal during the pendency of petitioner's motion to reopen before BIA); *cf Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) ("A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act.").

Petitioner's reliance on *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007) for the proposition that this Court has jurisdiction to issue the requested stay is misplaced. In *Singh*, the petitioner alleged ineffective assistance of counsel occurring *after* the issuance of the final order of removal and claimed that the injury suffered was the deprivation of an opportunity for direct review of the order of removal in the court of appeals. *Id*. at 979. The petitioner's remedy would have been the restarting of the 30-day period for the filing a petition for review before the Ninth Circuit. Therefore, a successful habeas petition in that case would have led to nothing more than "a day in court" for the petitioner. *Id*. In contrast, here, Petitioner is seeking directly to stay the execution of the order of removal, an action over which this Court lacks jurisdiction to consider.

With respect to Petitioner's underlying habeas petition, as currently drafted, it is unclear whether this Court has jurisdiction over Petitioner's claims. Petitioner alleges that ICE has failed to adjudicate a properly filed motion to reopen the removal proceedings. To the extent Petitioner seeks to have this Court determine whether his motion to reopen was properly filed and whether the ICE should hear his motion, such request would merely be seeking "a day in court." Under *Singh*, this Court appears to have jurisdiction over such claims. *See id*. at 979. However, in his petition, Petitioner also seeks "review of his unlawful detention" and requests to be released from custody. (Pet. at 9-10.) Such requests appear to exceed the scope of this Court's jurisdiction. Therefore, the Court DISMISSES the habeas petition without prejudice. Petitioner shall file an amended petition, if any, by no later than August 25, 2009. In his

///
///
///
///

amended petition, if any, Petitioner is admonished to carefully tailor his petition, including any relief requested, to the narrow jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: August 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3