IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE JOHN RICHARD EVERS,

    Petitioner,

v.

JANET NAPOLITANO, et al.,

    Respondents.
    _____/

No. C 09-03464 JSW

**ORDER DISMISSING PETITION**

    On August 4, 2009, the Court denied the application for a temporary restraining order ("TRO") filed by Petitioner George John Richard Evers ("Petitioner") and dismissed his habeas petition without prejudice.

    "The REAL ID Act ... eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006). Courts have found that the REAL ID Act also divests district court's jurisdiction to stay the execution of a removal order because such claims would necessarily entail a review of the final removal order. *See*, *e.g.*, *Mejia-Espinoza v. Mukasey*, 2009 WL 235625, *1 (C.D. Cal. Jan. 27, 2009) (adopting report and recommendation finding that court lacked jurisdiction over request to stay order of removal because the request to stay arose from an action or proceeding brought in connection with petitioner's removal); *Ghotra v. Chertoff*, 2007 WL 3232240, *1 (N.D. Cal. Oct. 31, 2007) (finding court lacked jurisdiction to stay the order of removal); *Ernawati v. Gonzales*, 2007 WL 2156603, *2 (W.D. Wash. July 25, 2007) (finding the court lacked jurisdiction over the request for stay of removal during the pendency of petitioner's motion to reopen before BIA); *cf*

*Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) ("A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act.").

In *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), the petitioner alleged ineffective assistance of counsel occurring *after* the issuance of the final order of removal and claimed that the injury suffered was the deprivation of an opportunity for direct review of the order of removal in the court of appeals. *Id*. at 979. The petitioner's remedy would have been the restarting of the 30-day period for the filing a petition for review before the Ninth Circuit. Therefore, a successful habeas petition in that case would have led to nothing more than "a day in court" for the petitioner. *Id*.

In the order dismissing the petition, the Court explained that as it was drafted, it was unclear whether this Court had jurisdiction over Petitioner's claims. Petitioner alleged that ICE failed to adjudicate a properly filed motion to reopen the removal proceedings. To the extent Petitioner sought to have this Court determine whether his motion to reopen was properly filed and whether the ICE should hear his motion, such request would merely be seeking "a day in court." Under *Singh*, this Court appears to have jurisdiction over such claims. *See id*. at 979. However, in his petition, Petitioner also sought "review of his unlawful detention" and requested to be released from custody. (Pet. at 9-10.) The Court noted that such requests appear to exceed the scope of this Court's jurisdiction. Therefore, the Court dismissed the habeas petition without prejudice. The Court admonished Petitioner, if he chose to file an amended petition, to carefully tailor his petition, including any relief requested, to the narrow jurisdiction of this Court.

On August 18, 2009, Petitioner filed an amended habeas petition. However, in his amended petition, Petitioner sought to stay the execution of his removal order. As discussed above, the REAL ID Act divests district court's jurisdiction to stay the execution of a removal order because such claims would necessarily entail a review of the final removal order. Therefore, it appears, again, that the Court lacks jurisdiction over the petition. Moreover, on October 2, 2009, Respondents filed a status report to inform the Court that Petitioner was

2

deported to Fiji on September 17, 2009. Therefore, it appears as though the petition is now MOOT. Accordingly, the Court HEREBY DISMISSES the petition without prejudice.

Petitioner may file an amended petition by no later than November 17, 2009. In his amended petition, if any, Petitioner is admonished to carefully tailor his petition, including any relief requested, to the narrow jurisdiction of this Court. Moreover, Petitioner shall allege facts which, if true, would demonstrate that his petition is not moot. If Petitioner does not file an amended habeas in accordance with this Order by November 17, 2009, the Court will dismiss his petition with prejudice.

**IT IS SO ORDERED.**

Dated: October 28, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE