IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE JOHN RICHARD EVERS,

    Petitioner,

v.

JANET NAPOLITANO, et al.,

    Respondents.

No. C 09-03464 JSW

**ORDER TO SHOW CAUSE**

On July 28, 2009, when Petitioner George John Richard Evers ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, he was in custody for the purposes of habeas corpus relief. On September 17, 2009, Respondents removed Petition from the United States. However, this Court appears to retain jurisdiction over the petition.

**BACKGROUND**

Petitioner alleges that on January 18, 2005, the Bureau of Immigration and Customs Enforcement ("ICE") executed a final administrative order of removal against Petitioner. On February 11, 2005, Petitioner filed a petition for review of the removal order before the Ninth Circuit Court of Appeal. On August 12, 2008, the Ninth Circuit issued an opinion dismissing in part and denying in part the petition. The Ninth Circuit issued its mandate on October 29, 2008.

Petitioner alleges that on September 26, 2008, he filed a motion to reopen the removal proceedings. The grounds for Petitioner's motion to reopen were: (1) changed country circumstances after entry of the final order of removal, requiring a reasonable fear hearing; and (2) failure to comply with the statutory provisions of 8 U.S.C. § 1228(b) and the supporting

regulations. According to Petitioner, to date, ICE has not adjudicated this motion. On December 2, 2008, the Asylum Office, Citizenship and Immigration Services, held a reasonable fear hearing, and subsequently held that there was no reasonable fear of return to Fiji. Petitioner alleges that this office lacked jurisdiction to make this determination. On February 11, 2009, the Office of the Immigration Judge, Executive Office For Immigration Review affirmed the reasonable fear determination.

## DISCUSSION

This Court may entertain a petition for habeas corpus on behalf of a person "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). The Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Liberally construed, Petitioner's claims appear colorable under 28 U.S.C. § 2241 and merit an answer from Respondents.

For the foregoing reasons and for good cause shown the Court hereby issues an ORDER TO SHOW CAUSE why the writ of habeas corpus should not issue. The Court FURTHER ORDERS as follows:

1. Petitioner shall serve a copy of this Order, the petition, and all attachments thereto upon Respondents no later than January 22, 2010. Petitioner thereafter shall file a proof of service with the Court by no later than January 26, 2010.

2. Respondents shall file with the Court and serve on Petitioner, no later than February 22, 2010, an answer showing why a writ of habeas corpus should not be issued. If applicable, Respondents shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

///
///
///
///

3. If the Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: January 8, 2010

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE