**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE J.R. EVERS,

    Petitioner,

v.

JANET NAPOLITANO, et al.,

    Respondents.

No. C 09-03464 JSW

**ORDER DENYING PLAINTIFF'S PETITION FOR A WRIT OF HABEAS CORPUS**

Now before the Court is George John Richard Evers' ("Evers") second amended petition for a writ of habeas corpus filed on November 17, 2009, pursuant to 28 U.S.C. § 2241. Evers challenges the procedures used by the Department of Homeland Security, Immigration and Customs Enforcement division ("ICE") to remove him from the United States.

**BACKGROUND**

Evers lawfully entered the United States as a non-immigrant visitor on February 28, 1989. His visa expired April 23, 1989. However, Evers remained in the United States until he was eventually deported in September 2009.

On December 22, 2004, ICE served Evers with a notice of intent to issue a final administrative removal order ("Removal Order") to remove Evers from the United States. (Pet., at ¶ 10, Ex. H). ICE asserted in the Removal Order that Evers had been convicted of lewd and lascivious acts on a child of 14 or 15, in violation of California Penal Code section 288(c), thus, Evers was removable under 8 U.S.C. § 1227 (a)(2)(A)(iii). (*Id.*) A service officer from United States Immigration and Naturalization Service ("INS") found Evers removable, and signed a

1 final administrative removal order on January 18, 2005.  (*Id.*, at ¶ 11, Ex. I.)

2 On February 11, 2005, Evers petitioned the United States Court of Appeals for the Ninth
3 Circuit to review his final administrative removal order.  (*Id.*, at ¶ 12, Ex. J.)  According to
4 Evers, he alleged that his summary removal, conducted pursuant to 8 U.S.C. § 1228, violated
5 due process because the procedure "did not provide for a motion to reopen based on
6 withholding claims relative to changed country circumstances." (*Id.*)

7 On August 12, 2008, the Ninth Circuit denied Evers' petition.  The court rejected Evers'
8 due process argument because "pursuant to 8 CFR § 103.5(a)(1)(I), Evers could have filed a
9 motion to reopen proceedings as an 'affected party' after the DHS' decision."  (*Id.*, Ex. L at 2.)

10 On September 26, 2008, Evers, through his attorney, filed with ICE a written brief
11 requesting his summary removal order be reopened under 8 C.F.R. § 103.5(a)(1)(I), Form I-589,
12 and Form G-28.  (*Id.*, at ¶ 17.)  Evers paid the Department of Homeland Security ("DHS") $110
13 to process his brief and accompanying documents.  (*Id.*, Ex. O.)  Form I-589 is an Application
14 for Asylum and for Withholding of Removal. (*Id.*, Ex. Q.)  Form G-28 is a Notice of Entry of
15 Appearance as Counsel.  (*Id.*, Ex. P.)

16 ICE took Evers into custody on November 18, 2008.  On November 19, 2008, Evers
17 filed, pro se, a second petition for review with the Ninth Circuit to stay his pending removal
18 because ICE had not yet ruled on his brief requesting ICE to reopen his removal proceeding.
19 On May 1, 2009, the Ninth Circuit dismissed Evers' petition for lack of jurisdiction because his
20 brief had not yet been ruled upon by the "Board of Immigration Appeals."  (*Id.*, at ¶ 25, Ex. S.)

21 Evers filed a petition for a writ of habeas corpus in this Court on July 27, 2009, while
22 ICE held him in custody.  On August 4, 2009, the Court dismissed Evers' petition for lack of
23 subject matter jurisidiction with leave to amend.  On August 18, 2009, Evers filed his first
24 amended petition seeking to stay the execution of his removal order.  On October 28, 2009, the
25 Court again dismissed Evers' petition with leave to amend.

26 On November 17, 2009, Evers filed his second amended petition now before the Court.
27 In his second amended petition, Evers alleges that ICE violated due process when it failed to
28

2

rule on his motion requesting ICE to reopen his removal proceeding. (*Id.*, at ¶ 17-18, 38-39.) He requests this court to order ICE to rule on his previously filed brief.

## ANALYSIS

**I.     This Court Has Jurisdiction Over Evers' Petition.**

      **A.     Evers is in Custody Under 28 U.S.C. § 2241, and the Petition is not Moot.**

Respondents argue that this Court lacks subject matter jurisdiction to hear Evers' petition because he was not in custody when he filed this petition. "The writ of habeas corpus shall not extend to a [petitioner] unless he is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001) (that a petitioner be in custody is jurisdictional). "[A] petitioner who has already been deported cannot avail himself of habeas corpus jurisdiction because he is no longer 'in custody' as that term is used in 28 U.S.C. § 2241." *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003) (citing *Miranda*, 238 F.3d at 1158-59). However, where the United States deports a petitioner after he filed for habeas relief, the petitioner is still considered "in custody" under 28 U.S.C. § 2241. *Id.* Furthermore, a petition is not moot if the petitioner is subject to collateral consequences, such as a bar to re-entry stemming from his deportation. *Id.*

If a petitioner amends his petition, he is "in custody" under Section 2241 where his amended petition, which was filed after his release from custody, relates back to a pending habeas petition that was filed while he was in custody. *See Miller v. Laird*, 464 F.2d 533, 534 (9th Cir. 1972) (holding that the district court retains jurisdiction over an amended petition that relates back). An amended petition "relates back to the date of the original [petition] when the claim ... asserted arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [petition]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007).

Evers is "in custody" under Section 2241 because his second amended petition relates back to a petition filed while he was in custody. Evers filed his first amended petition while he was physically confined by ICE. This Court dismissed his first amended petition with leave to

3

1   amend. Thus, his petition was still "pending for further proceedings either by amendment of the
2   [petition] or entry of final judgment." *WMX Technologies, Inc. v. Waste Management, Inc.*, 104
3   F.3d 1133, 1135 (9th Cir. 1996) (quoting *Jung v. K. & D. Mining Co., Inc.*, 356 U.S. 335, 336-
4   37 (1958)). Evers then filed his second amended petition alleging identical facts, but seeking a
5   different form of relief. Thus, under Federal Rule of Civil Procedure 15(c), his second amended
6   petition relates back to his first. *See Guerrero*, 499 F.3d at 933.

7   Furthermore, Evers' petition is not moot because he faces collateral consequences
8   stemming from his removal. When Evers was deported, ICE found that he was convicted of a
9   removable felony. (Pet., at ¶ 11, Ex. I.) As such, he is barred from re-entering the United
10  States for twenty years. Therefore, this Court retains jurisdiction and his petition is not moot.

11  **B.   The REAL ID Act Does Not Divest This Court of Jurisdiction.**

12  Respondents also argue that this Court lacks jurisdiction over Evers' petition because
13  Evers seeks judicial review of a decision made discretionary under regulations. Both ICE's
14  decision to reopen and its decision to excuse an untimely motion are discretionary. 8 C.F.R.
15  § 103.5(a)(1)(I). As such, the government asserts that ICE's decision regarding Evers' motion
16  is nonreviewable under 8 U.S.C. § 1252(a)(2)(B)(ii).[1] The Supreme Court has recently rejected
17  this argument in *Kucana v. Holder*, 130 S. Ct. 827, 840 (2010). In *Kucana*, the Court held that
18  8 U.S.C. § 1252(a)(2)(B)(ii) does not exempt from judicial review administrative decisions
19  which have been made discretionary by regulation, such as a denial of a motion to reopen. *Id.*
20  Thus, ICE's decision regarding Evers' motion to reopen is reviewable.

21  Moreover, although the REAL ID Act precludes habeas review of a final order of
22  removal, the REAL ID Act did not strip habeas review of constitutional challenges that are
23  independent of a final removal order. *See Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007).
24  Thus, whether ICE followed required procedures and provided due process is reviewable in this

25

---

26  [1] 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "any other decision or action of the
27  Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 U.S.C. §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8
28  U.S.C. § 1158(a)]" shall not be subject to judicial review.

4

1  Court to the extent that the petitioner merely seeks his "day in court." *Cf. id.* An agency's

2  failure to make a decision, where it is required to do so, may violate due process. *Cf. Coe v.*

3  *Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) (undue delay in state-court proceeding may violate

4  due process).

5  Here, Evers challenges ICE's failure to make a decision on his motion to reopen. He

6  does not challenge the merits of ICE's decision, and he does not seek review of his removal

7  order. Evers' merely seeks to have his motion to reopen decided by ICE – to have his "day in

8  court." *Singh*, 499 F.3d at 979. Thus, the REAL ID Act does not strip this Court of habeas

9  jurisdiction.

10  **II.   Evers' Due Process Challenge Fails.**

11  Evers argues that ICE's failure to decide his motion to reopen violates his right to due

12  process. An administrative agency may violate due process by unduly delaying adjudication of

13  a matter before it. *Cf. Coe*, 922 F.2d at 531. However, to establish that an agency has violated

14  due process by undue delay or a failure to decide, a petitioner must first establish that he filed

15  the allegedly undecided motion.

16  Evers' petition lacks merit because he did not file the required motion under 8 C.F.R.

17  § 103.5. "A motion [to reopen] shall be submitted on Form I-290B and may be accompanied by

18  a brief." 8 C.F.R. § 103.5(a)(1)(ii). Furthermore, a motion to reopen under 8 C.F.R. § 103.5

19  requires the applicant to pay a $585 filing fee. 8 C.F.R. §§ 103.5, 103.7. Evers did not file the

20  required Form I-290B, which under 8 C.F.R. § 103.5 is required to file a motion to reopen, or

21  pay the required fee. Instead, according to Evers' petition, he filed a brief, but not a motion on

22  Form I-290B, requesting "an order reopening removal proceedings before [ICE] ... a hearing on

23  his application for withholding of removal," and also moved "for a reasonable fear interview

24  with an asylum officer pursuant to 8 C.F.R. §§ 208.31(c), 1208.31(c)." (Pet., Ex. N at 1-2.)

25  Evers also filed an Application for Asylum and Withholding of Removal, (Pet., Ex. Q.), and a

5

Notice of Appearance of Counsel, (*Id.*, Ex. O.), with his brief.[2] Evers paid a $110 filing fee. Thus, Evers fails to demonstrate that he filed a motion to reopen pursuant to 8 C.F.R. § 103.5. In the absence of such a pending motion, his due process challenge fails. Accordingly, the Court denies his petition.[3]

## CONCLUSION

For the foregoing reasons the Court DENIES Evers' petition. A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 8, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] According to Evers, he received a reasonable fear interview on December 5, 2008, and his application for withholding of removal was processed and denied. (Pet., at ¶¶ 28-30, Exs. U-Z.)

[3] Evers argues that the reasonable fear hearing DHS conducted was an ultra vires act and should be considered null. Because Evers did not file the correct motion to reopen, whether DHS should have conducted the reasonable fear hearing is not germane to the relief requested in this habeas petition.